# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re                                                                           Case No. 10-32718-WRS
                                                                                Chapter 7
JACQUELINE JONES,

    Debtor

## MEMORANDUM DECISION

This Chapter 7 case came before the Court for hearing on February 26, 2013, on the Application for Professional Fees filed by Guy R. Willis (Doc. 26) and the Motion for Turnover of Funds filed by Chapter 7 Trustee Daniel G. Hamm. (Doc. 27). For the reasons set forth below, Willis' Application for Professional Fees is DENIED and Hamm's Motion for Turnover is GRANTED.

## I. FACTS

On October 7, 2010, Jacqueline Jones, the Debtor in this case, filed a petition in bankruptcy pursuant to Chapter 7 of the Bankruptcy Code. (Doc. 1). The Debtor listed, on Schedule B, which calls for the disclosure of personal property owned by the Debtor, ownership of a claim for personal injuries arising out of an automobile accident. It was further disclosed that Willis was the lawyer representing the Debtor. In addition, the Debtor disclosed, in response to Question Number 4 of the Statement of Financial Affairs, that a civil suit had been filed in the Circuit Court for Montgomery County, Alabama. A case number was included, indicating that suit had actually been filed. In addition to her disclosures in Schedule B and in the Statement of Financial Affairs, Williams testified at a meeting of creditors as to the existence of the lawsuit

and Willis' representation. (Doc. 21). Hamm telephoned Willis with a view to retain him to pursue the claim but Willis would not talk to him. Instead, Willis ignored Hamm's request for information and filed his own application to be employed. (Doc. 20). As only a trustee may retain counsel to pursue a claim which is property of the estate, the Court denied Willis' application on May 13, 2011. (Doc. 24).

The Court's record does not show any activity in this case for about 20 months, when Willis filed another application to approve his employment and pay his attorney's fees on January 31, 2013. (Doc. 26). The Trustee opposes Willis' motion and has filed a motion of his own requiring Willis to turn over $8,000, which appears to be the amount for which the underlying lawsuit was settled. The Bankruptcy Administrator also objects to Willis' motion. It appears that Willis continued to act as counsel in the personal injury suit and settled it, notwithstanding the fact that he had not been employed by the estate and had no authority to settle the claim. In addition, it appears that Willis disbursed some of the settlement proceeds to creditors who claim to hold liens on the proceeds, some to the Debtor and kept the rest for himself. Trustee Hamm is understandably chagrined that he has been cut out of the process and kept in the dark as to what went on with respect to the lawsuit. Hamm seeks an order requiring Willis to pay over $8,000, or whatever the actual settlement proceeds to him were, so that the estate can be properly administered.

## II. LAW

The Bankruptcy Court has jurisdiction to hear this proceeding pursuant to 28 U.S.C. § 1334(b). This is a core proceeding. 28 U.S.C. § 157(b)(2)(A), (E). The Court will consider both Willis' application for compensation and Hamm's motion to turnover funds. In addition, the Court will provide some guidance as to what is expected of lawyers, such as Willis, who represent clients in litigation who later file bankruptcy.

### A. Willis' Application for Compensation

The Debtor's personal injury suit is intangible personal property, which became property of the estate when the Debtor filed her Chapter 7 petition. 11 U.S.C. § 541;[1] see also, Reynolds v. Wendy's Int'l, Inc., (In re Parker), 365 F.3d 1268, 1272 (11th Cir. 2004) (stating that pre-petition cause of action is property of the estate and only the trustee has standing to pursue it); In re Larkin, 468 B.R. 431, 434 (Bankr. S.D. Fla. 2012) (holding that debtor's counterclaim owned pre-petition became property of the estate and therefore trustee could settle claim); Jenkins v. A.T. Massey Coal Co., Inc., (In re Jenkins), 410 B.R. 182, 188-89 (Bankr. W.D. Va. 2008) (holding that tort claims which had accrued prior to date of petition in bankruptcy were property of bankrupt estate). Therefore, once the Debtor filed her petition in bankruptcy, she lost control

---

[1] "The commencement of a case under section 301. . . of this title creates an estate. Such estate is comprised of all . . . legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a).

3

of her lawsuit because it became property of the bankruptcy estate. Because the Debtor no longer owns or has the right to control the lawsuit, her lawyer lost his authority to take action.

Upon learning of Jones' bankruptcy filing, Willis should have contacted Hamm to see if Hamm wanted Willis to continue his representation in the case.[2] If so, Hamm could have then filed an application seeking the Court's approval of Willis' employment. 11 U.S.C. § 327(e); Rule 2014, Fed. R. Bankr. P. Trustees file such motions as a routine matter and they are usually granted without much controversy. The Trustee is responsible to make sure that such employment is in the best interests of the estate and that the lawyer does not have a conflict of interest which would disqualify him. Id. After the Trustee files an application to employ a lawyer, the Bankruptcy Administrator reviews the application as one of her duties to oversee the administration of bankruptcy cases. After conducting her review, she files a recommendation as to whether she believes that the retention of counsel is appropriate. The Court then reviews the Trustee's motion along with the Bankruptcy Administrator's recommendation and sets the matter for hearing, giving parties in interest the opportunity to object.[3] See, Rule 2002(a)(6) (requiring that notice be sent 21 days prior to the hearing).

---

[2] Several years ago, the undersigned wrote an article for The Alabama Lawyer which was intended to provide guidance for lawyers such as Willis, who represent clients in civil action who later file bankruptcy. "Civil Actions and Bankruptcy Proceedings: A Collision of Two Very Different Worlds." *Alabama Lawyer*, July 2007.

[3] The Trustee usually moves to retain the counsel that the debtor had prior to the bankruptcy filing; the Bankruptcy Administrator usually approves the Trustee's motion; creditors usually do not object; and the Court usually approves the retention of counsel. Such matters are routine in bankruptcy cases. These procedures are designed to keep transactions with lawyers transparent. By acting unilaterally, as Willis did here, these procedures are defeated.

If Willis' employment had been approved, he could then have properly proceeded with the personal injury suit. As the personal injury suit became property of the estate, any decision to accept or decline a settlement offer was to be made by Trustee Hamm. 11 U.S.C. § 704(a)(1). If Hamm had decided to settle the personal injury suit, he would have filed a motion seeking the Court's approval of the compromise, with notice to parties in interest. Rule 9019, Fed. R. Bankr. P. By settling the suit without authorization, Willis denied Hamm any opportunity to review the matter, denied creditors their right to be informed and object and denied the Court any opportunity to supervise the process.[4]

The compensation of professionals is governed by 11 U.S.C. § 330, which provides that the Court may award compensation to "a professional person employed under section 327." It follows then, that if a professional is not employed pursuant to section 327, he does not get paid. Lamie v. U.S. Trustee, 540 U.S. 526, 538-39, 124 S.Ct. 1023, 1032 (2004). Because Willis' employment was not approved by the Court pursuant to § 327, he cannot be compensated pursuant to § 330.

Willis requests that his employment be authorized on a nunc pro tunc, or after the fact basis. Whether approval for his employment is given in advance, or after the fact, the Trustee has not applied for the approval of Willis' employment. That problem aside, some Bankruptcy Courts have allowed nunc pro tunc applications for employment. In re Superior Aviation, 298 B.R. 474 (Bankr. M.D. Fla. 2003); In re Smith, 125 B.R. 841 (Bankr. M.D. Fla. 1991); In re Bicoastal Corp., 118 B.R. 855 (Bankr. M.D. Fla. 1990); In re Beam Commc'n Corp., 109 B.R.

---

[4] For purposes of this decision, the Court will assume that the Defendant in the personal injury suit did not know of the bankruptcy proceeding and that Willis had the power, though not the authority, to enter into a binding settlement agreement.

5

514 (Bankr. S.D. Fla. 1989); In re Saybrooks Mfg. Co., Inc., 108 B.R. 366 (Bankr. M.D. Ga. 1989); In re Camp Lightweight, Inc., 76 B.R. 855 (Bankr. M.D. Ga. 1987) (citing In re Arkansas Co., 798 F.2d 645 (3rd Cir. 1986), but finding that the extraordinary circumstances had not been shown in that case). However, the cases allowing after the fact or nunc pro tunc employment require a showing of extraordinary circumstances. In re Arkansas Company, Inc., 798 F.2d 645 (3r Cir. 1986). No such circumstances have been shown here. Indeed, Willis has not even met an excusable neglect standard, let alone extraordinary circumstances. At best, he simply neglected to seek to have his employment authorized, more likely, he did not want to bother answering Hamm's questions. For this reason, Willis' application for employment and his application for compensation are denied.

### B. The Court May Order Turnover of Funds of the Estate

Section 542(a) of the Bankruptcy Code provides, in part, that:

> an entity . . . in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for such property or the value of such property.

11 U.S.C. § 542(a) (West 2013). As the lawsuit in question, and the proceeds from its settlement are property of the estate in the custody and control of Willis, it follows that the Court may order him to turn over and account for the proceeds. In re Dooley, 399 B.R. 340, 348-50 (Bankr. D. Mass 2009); In re Earle, 2007 WL 4117779 (Bankr. E.D. Tenn. Nov. 16, 2007); In re Moore, 312

6

B.R. 902 (Bankr. N.D. Ala. 2004); In re Rothwell, 159 B.R. 374 (Bankr. D. Mass. 1993). The settlement proceeds are property of the estate and are subject to turnover. While the settlement of the lawsuit by Willis was not authorized, Hamm has not yet made any effort to avoid the settlement, rather, he seeks the proceeds for the estate.[5]

This is a straightforward application of the Bankruptcy Code to the facts here. Willis does not advance any argument to the contrary other than his claim for the payment of his fees, which is disposed of in Part II(A) above. The Court will, by way of a separate order, require Willis to turn over and account for the proceeds.

The Court will further point out what is not being decided here. Willis may well have had a valid contract with the Debtor for representation in the lawsuit. He may be entitled to compensation for services rendered, at least through October 7, 2010, the date that the Debtor filed her petition in bankruptcy. The Court here does not make any determination as to whether Willis has a claim for services rendered the debtor, or for how much, or whether the claim is secured. The Court is simply denying Willis' application for compensation pursuant to § 330(a) and ordering turnover of funds which are property of the estate.

---

[5] The Court gathers from Hamm's filings that Willis would not provide him any information with which he could make his own decision as to whether the $8,000 settlement was a good deal for the estate. The pending motion simply seeks turnover of the $8,000. It may well be that Hamm might determine that the case should not have been settled and that the lawsuit should be tried in the Montgomery County Circuit Court. For the present, the Court understands that Hamm simply wants to take control over the proceeds

7

# III. CONCLUSION

Willis has run roughshod over the Trustee, the Bankruptcy Administrator and the Court in his handling of the personal injury suit. It is the Trustee's prerogative whether he wants to retain counsel to pursue a claim, and to determine whether, and on what terms, the claim should be settled. As the Trustee did not hire Willis, he may not seek compensation pursuant to § 330(a). Moreover, as Willis took custody and control over the settlement proceeds–which was not authorized by the Trustee or by the Court–he may properly be required to turn them over to the Trustee.[6] The Court will enter a separate order.

Done this 12th day of April, 2013.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Daniel G. Hamm, Trustee
   Guy R. Willis, Special Counsel for Debtor
   Teresa R. Jacobs, Bankruptcy Administrator

---

[6] A lawyer who takes control over a lawsuit without the owners' consent treads on very thin ice. If he made a bad deal for the estate, he may be called upon to do more than just pay over the proceeds he actually received, he may also have to make good any loss resulting from his taking a bad deal. In addition, the Bar Association may take a dim view of a lawyer who purports to act on behalf of another who is not a client.